UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTHUR R. D'AMARIO, III,<br>Plaintiff,<br>v.<br>TROY LEVI, Warden of the Philadelphia Federal Detention Center,<br>Defendant. | CIVIL ACTION NO. 07-316S |

MEMORANDUM AND ORDER

YOUNG, D.J.[1]

November 27, 2007

Arthur D'Amario is a prisoner of the Federal Correction Institute Englewood in Littleton, Colorado.[2] Proceeding pro se, he asks the Court to grant a writ of habeas corpus pursuant to 28 U.S.C. § 2241. D'Amario properly filed his petition in the United States District Court for the Eastern District of Pennsylvania while he was an inmate at the Philadelphia Federal Detention Center. That Court transferred the petition to the District of Rhode Island. Transfer Order, No. 07-02091 [Doc. No. 4] (E.D. Pa., filed July 13, 2007) (DuBois, J.). Because all of

[1] Of the District of Massachusetts, sitting by designation.

[2] D'Amario asked this Court to transfer this case to the District of Colorado pursuant to 28 U.S.C. § 1631. He has presented no support for this motion other than the fact of his confinement in Colorado. Since this Court concludes that D'Amario has failed to demonstrate adequate grounds for relief under 28 U.S.C. § 2241, this Court need not consider venue.

11/27/2007 12:02 FAX 6177489096 US DIST COURT 002

the judges in New Hampshire and Rhode Island have recused themselves from participating in cases involving D'Amario, id., the Chief Judge of the District of Rhode Island sought assistance in a judicial emergency pursuant to 28 U.S.C. § 636, and, upon consultation, the case was assigned to this session of the Court as a case related to an earlier case of D'Amario's which this Court had handled by designation. The Court therefore exercises jurisdiction, grants D'Amario's request to proceed *in forma pauperis*, and dismisses the petition.

## I. BACKGROUND

D'Amario's criminal history and the convictions that led to his current confinement are critical to understanding his petition and the Court's disposition.

In February of 1999, D'Amario was serving probation for a state felony conviction when Rhode Island law enforcement officers executed a search warrant in D'Amario's home and found a gun and ammunition. United States v. D'Amario, 350 F.3d 348, 351 (3rd Cir. 2003). Authorities arrested D'Amario for violating the terms of his state-imposed probation, and "he was assigned to a state correctional facility pending disposition of the state probation violation charge." Id. In March of the same year, a federal grand jury indicted D'Amario for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Id. In January of 2000, D'Amario was tried and convicted. Id. In

March, the Honorable Joseph A. DiClerico, a New Hampshire district court judge who had presided over the trial because all Rhode Island judges were forced to recuse themselves, sentenced D'Amario to 18 months imprisonment. Id.

After his federal sentencing, the Rhode Island state court sentenced D'Amario to 368 days imprisonment. Id. The court credited D'Amario for time served, which discharged his state sentence, and he was transferred to a prison in New Jersey to serve his federal sentence. Id. D'Amario then requested that credit for time served also be applied to his federal sentence. Id. "Because almost all of the time that D'Amario had spent in custody following his arrest had already been credited against his state sentence, the BOP declined [pursuant to the pertinent statute] to credit any of that time against his federal felon-in-possession sentence." Id. Rather than challenge the decision through an administrative proceeding, D'Amario filed a habeas petition under 28 U.S.C. § 2241. Id. at 352. "Judge DiClerico dismissed the petition without prejudice to re-filing in the District of New Jersey after exhaustion of administrative remedies." Id. The First Circuit affirmed the dismissal, holding that D'Amario did not have standing to press his claim until he exhausted his administrative remedies. United States v. D'Amario, 2 Fed.Appx. 25, 29 (1st Cir. 2001).

In a letter dated June 22, 2000, D'Amario wrote Ed Roy, the



11/27/2007 12:02 FAX 6177489096 US DIST COURT 004

attorney that had represented him on the felon in possession charge, and asserted that his incarceration was the product of a conspiracy perpetrated by a score of judges and law enforcement personnel. He promised to "seek revenge on the day of [his] inevitable discharge against the conspirators," D'Amario, 350 F.3d at 352, and described in some detail the manner in which he would kill the alleged perpetrators. His list of conspirators included the following:

1. R.I. judges
2. Mass. Judges
3. DiClerico
4. [The AUSA in the District of Rhode Island] [12 others]

Id.

"In the meantime, D'Amario again challenged the BOP's decision by filing a second habeas petition under 28 U.S.C. § 2241, this time in the District of New Jersey, and that case was also assigned to [the Honorable Joseph E. Irenas]." Id. Judge Irenas denied the petition on the merits, concluding that "the [federal Bureau of Prisons] properly calculated the petitioner's sentence . . . [because] no prior custody may be credited to a prisoner's sentence if he has received credit for the same time period on another sentence." Id. at 353 (quoting D'Amario v. United States, 403 F. Supp. 2d 361, 366 (D.N.J. 2005) (Irenas, J.)).

While D'Amario's second habeas petition was pending, Roy,



11/27/2007 12:02 FAX 6177489096 US DIST COURT 005

after discussing the matter with the appropriate ethical authorities, disclosed D'Amario's letter to the Federal Bureau of Investigation, and a federal grand jury in New Jersey "indicted D'Amario for threatening to assault and murder a federal judge, in violation of 18 U.S.C. § 115(a)(1)(B), and the case was assigned to [Judge Irenas]." Id. D'Amario was tried and convicted in December of 2001. Id. at 353. He was sentenced to 30 months imprisonment. D'Amario v. United States, 403 F.Supp. 2d 361, 367 (D.N.J. 2005) (Irenas, J.).

After serving the 30 months, D'Amario was placed on supervised release. United States v. D'Amario, No. 06-00112, 2007 WL 928473, *1 (D.N.J. March 26, 2007). "In March 2005, he violated supervised release and was sentenced to twelve months imprisonment." Id. D'Amario was supposed to begin serving a four month supervised release sentence on February 10, 2006. Id. D'Amario made clear, however, that he wished to avoid supervised release. In two motions styled "(1) a 'Motion to Revoke Supervised Release'; and (2) a supporting 'Memorandum,'" D'Amario penned the following:

> Defendant is serving sentences imposed in the districts of Rhode Island and New Jersey. . . . If discharged on Feb. 10, he will violate the same day. Fourteen months ago, upon finding that Defendant is violent, dangerous, schizophrenic, and determined to get a gun, Judge Smith employed . . . 3583(e)(2) to revoke/modify his supervised release. . . . The court should heed the warning of Justice Alito . . . that Defendant is extremely dangerous. . . . He will not serve probation. He will not take orders from federal judges and probation

> officers. It is safer to revoke his supervision now, and extend his detention, than to speculate on how this 'schizophrenic' who passionately hates NJ judges will react to sudden liberty on Feb. 10.

Id.

The United States Marshall's Office investigated the letter, and D'Amario was, again, indicted for threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B). Id. A jury convicted D'Amario on December 15, 2006. Id.

## II. DISCUSSION

D'Amario contends that he is a "political prisoner" and the victim of a vast conspiracy perpetrated by various lawyers as well as the justices of the Rhode Island Superior Court, the judges of United States District Court for the District of Rhode Island, the District of Massachusetts, and the District of New Jersey, and Judges Boudin and Torruella of the United States Court of Appeals for the First Circuit. See Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, No. 07-02091 (E.D. Pa., filed May 23, 2007) (hereinafter, "Pet."). Although difficult to discern, D'Amario's grievances might be grouped into three general categories.

Primarily, he raises a number of issues with respect to the imposition and execution of the sentence imposed as a result of his felon in possession conviction in 2000 as well as his various sentences imposed since. D'Amario's grounds for relief in this portion of the petition are truly difficult to follow. Inasmuch



11/27/2007 12:03 FAX 6177489096 US DIST COURT 007

as D'Amario's present petition relates to the execution of his 2000 felon in possession conviction, the BOP's decision not to credit D'Amario for time served because he had received credit from a Rhode Island state court has already been reviewed and affirmed. See D'Amario, 403 F. Supp. 2d at 366.

D'Amario also seems to complain about a revocation of supervised release in 2003. Although he goes to great lengths to describe a plot against him, D'Amario omitted a critical and ultimately dispositive fact: he is currently incarcerated because in December of 2006 a jury convicted him of threatening the life of a second federal judge. United States v. D'Amario, No. 06-00112, 2007 WL 928473, *1 (D.N.J. March 26, 2007) (Diamond, J.). That is not to say that the earlier conviction does not in any way affect D'Amario's rights. The problem is that D'Amario has failed to illuminate any link between the allegedly improper 2003 revocation and his current incarceration. In fact, D'Amario does not even mention the 2006 conviction in his present petition under § 2241. Hence, even if the Court were to determine that there were some error in the execution of D'Amario's 2003 sentence, there is no indication that such a finding would have any effect whatsoever on his current incarceration.

He has a vehicle to challenge his current detention - appealing the denial of his 28 U.S.C. § 2255 petition. United States v. D'Amario, No. 06-00112, 2007 WL 928473, *1 (D.N.J.

March 26, 2007)(Diamond, J.). He might also file a petition under § 2241 to challenge the execution of his current sentence. Sustache-Rivera v. United States, 221 F.3d 8, 12 (1st Cir. 2000)(noting that a § 2241 petition may be used to "challeng[e] the execution, but not the validity, of the sentence").[3] The present record of this § 2241 petition, however, reveals no basis for challenging any aspect of the execution of his present sentence.

Second, D'Amario maintains that he was the victim of a "frame-up" that led to his 2000 felon in possession conviction. Pet. at 4. D'Amario's claims relating to his 2000 conviction have been raised, addressed, and dismissed in prior habeas petitions and appeals to various courts. See, e.g., United States v. D'Amario, No. 00-01466, 2 Fed. Appx. 25, *29-30 (1st Cir. Feb. 12, 2001) (denying D'Amario's appeal regarding the validity of the search warrant that led to his arrest and conviction for being a felon in possession of a firearm and denying his request for relief on the basis of "newly discovered evidence"); D'Amario v. Lynch, 2006 WL 858089, *4 (D.R.I. Feb. 22, 2006) (DiClerico, J.) (dismissing as moot D'Amario's attempt to vacate prior state-court convictions he alleged on the grounds that he was no longer in custody). Indeed, insofar as this petition attacks the 2000 conviction, it would appear to be

[3] This Court expresses no opinion concerning the substantive or procedural merits of any such petition.

procedurally barred as a second or successive petition. See United States v. Barrett, 178 F.3d 34, 47 (1st Cir. 1999).

Finally, D'Amario claims to have new evidence relating to his 2000 conviction. First, he asserts that he has contacted "a certified document expert willing to give an expert opinion as to who typed," Pet. at 4, the letters that formed the basis of the search warrant that led to the felon in possession conviction. Assuming this is true, an expert's promise to examine certain records does not constitute evidence. Moreover, the documents in question are presumably public records of the state of Rhode Island and D'Amario does not need an order from this Court to access them.

D'Amario also claims to have obtained information via 5 U.S.C. § 552 (the Freedom of Information Act) "proving [his] suspicions that two most recent Chief Judges of the First Circuit, Torruella & Boudin, were aggressively reaching out to [his] RI & NJ prosecutors and colluding with them to keep [him] imprisoned . . . ." Id. at 5. D'Amario also contends that "they [Torruella & Boudin] had ex parte contact with the D/NJ witnesses against [him] in Nov. 2001 and encourage perjury from them." Id. In addition, he alleges that Judges Torruella and Boudin "promised a RI judgship to [his] lawyer, Ed Roy, if [Roy] made [D'Amario] patsy for the anonymous letter in the 2/8/99 warrant, and rewarded him with 200% of his ACJA fee and appointment as the



11/27/2007 12:03 FAX 6177489096 US DIST COURT 010

new RI federal defender." Id.

D'Amario has produced nothing in the form of evidence or reasoned argument to suggest that these claims have any basis in reality.

## III. CONCLUSION

Based on the foregoing, the Court DISMISSES this petition.

William G. Young
District Judge



11/27/2007 12:03 FAX 6177489096 US DIST COURT 011